**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BOBBY BROWN,

    Plaintiff,

    v.

GOVERNOR CHRISTOPHER CHRISTIE,

    Defendant.

Civil Action No. 10-1572 (MLC)

**O P I N I O N**

**APPEARANCES:**

Bobby Brown, Pro Se, #249446/722093B
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

**COOPER**, District Judge

    Plaintiff, who is currently incarcerated at the New Jersey State Prison, seeks to bring this action pursuant to 28 U.S.C. §§ 1915(e) and 1915A, alleging violations of his constitutional rights.  Based upon his affidavit of indigence, the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. §1915(a) and order the Clerk of Court to file the complaint.

    The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether Plaintiff states cognizable claims or whether the complaint should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the complaint will be dismissed.

**I.   BACKGROUND**

The following factual allegations are from the complaint and accepted as true for purposes of this review.  Plaintiff argues that changes in New Jersey state laws that affected awards of commutation credits violate the Ex Post Facto Clause and Due Process Clause of the Constitution and are unconstitutionally vague.  Plaintiff argues that, due to the state court's interpretation of these laws, he is being improperly denied commutation credit.  He states that his commutation time must be applied to his "maximum term."  Plaintiff also appears to argue that he should have been sentenced to a "specific term" and he seeks clarification as to whether he was serving a life sentence or a sentence of seventy-five years.  Plaintiff asks for a judgment declaring that the acts of the Defendants violate §1983; a permanent injunction ordering Defendants to take action to apply the law that was in effect at the time Plaintiff's crime was committed; and that Defendants pay costs.

Plaintiff previously filed a complaint with fellow inmate Kevin Jackson, alleging nearly identical claims as those alleged here against then-Governor James McGreevey and various Department of Corrections officials.  (See 06-7822 (MLC), Jackson v. McGreevey, Docket Entry No. 1.)  This Court dismissed Plaintiffs' complaint for failure to state claim, noting that the proper recourse to challenge Plaintiffs' length of confinement was a habeas petition pursuant to 28 U.S.C. § 2254.  As the claims

appear to be nearly identical, the Court will dismiss Plaintiff's instant complaint on the same grounds.

## II. DISCUSSION

### A. Section 1915 Review

A court, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. The Court must construe a pro se complaint liberally in the plaintiff's favor in determining its sufficiency. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

The standard for summary dismissal of a complaint that fails to state a claim is set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1] Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-50 (citations omitted). The Court further explained that:

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

> a court . . . can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. at 1950.

To prevent summary dismissal, civil complaints must allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. Iqbal emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible. Id. at 1949-50; see Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Iqbal thus provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. A district court must now conduct the two-part analysis set forth in Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the

>  court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S. Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.  But even after Iqbal, the sufficiency of a pro se pleading must be construed liberally in a plaintiff's favor.  See Erickson v. Pardus, 551 U.S. 89 (2007).

**B.   Section 1983**

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that (1) he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) the challenged conduct was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

**C.   Complaint Will Be Dismissed**

Preiser v. Rodriguez, 411 U.S. 475 (1973), analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits.  Id. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he

is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

Heck v. Humphrey, 512 U.S. 477 (1994), addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).

Also, in determining whether a complaint states a claim under § 1983, a court must evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment:

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the

7

> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

Id. at 487 (footnotes omitted).  Furthermore, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.

Plaintiff's request that commutation credit be applied to his sentence affects his sentence duration and challenges the fact of his current confinement.  Plaintiff argues that he is entitled to a speedier release.  Thus, in accordance with Preiser, his claims must be brought in a habeas petition pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies.  Plaintiff's request for monetary damages also is barred by Heck, until Plaintiff receives a favorable outcome in his habeas case or otherwise has his claims adjudicated in his favor.  Accordingly, Plaintiff's claims are not cognizable and must be dismissed.

## III. CONCLUSION

For the foregoing reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  December 13, 2010